**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION NO. 02-50107-01 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| RAYMOND COLEMAN | |

**ORDER**

Before the Court is a letter motion (Record Document 49) filed by the defendant, Raymond Coleman ("Coleman"), requesting that his federal and state sentences run concurrent. On August 14, 2008, Coleman was sentenced to 96 months for the offense of possession of a firearm by a convicted felon. See Record Documents 39 & 40. In his letter motion, Coleman stated:

> When you sentenced me to 96 months I had a pending state charge that I was sentenced to 8 years in state custody for distribution of cocaine. I thought by me being sentenced in federal court first that I would serve my time in federal custody first with my state time running concurrently. . . . I am asking that you would have mercy on me and show compassion and grant my request for my time to run concurrent with the 4 years I have already done in state with these 2 years I have been in the federal system.

Record Document 49 at 1.

Coleman does not identify whether his motion is filed pursuant to 28 U.S.C. § 2241 or 28 U.S.C. § 2255. The Fifth Circuit and district courts throughout the circuit have addressed the issue currently before this court through filings under either statute. However, regardless of how Coleman's motion is construed, no constitutional error has been committed.

Coleman's request that this Court order his federal sentence to run concurrently with

his state court sentence implicates 18 U.S.C. § 3584(a), which provides, in pertinent part:

> Imposition of concurrent or consecutive terms.-If multiple terms of imprisonment are imposed on a defendant at the same time, or if a term of imprisonment is imposed on a defendant who is already subject to an undischarged term of imprisonment, the terms may run concurrently or consecutively. . . . Multiple terms of imprisonment imposed at the same time run concurrently unless the court orders or the statute mandates that the terms are to run consecutively. Multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently.

18 U.S.C. § 3584(a). The Fifth Circuit has construed Section 3584(a) as granting the district court the discretion to order a federal term of imprisonment to run concurrently with an anticipated, but yet to be imposed, state sentence. See U.S. v. Hernandez, 234 F.3d 252, 256 (5th Cir.2000).

Here, the Court expressed no position on whether Coleman's 96 month federal sentence would run concurrently with or consecutively to any anticipated, but not yet imposed, state sentence. Such silence invokes the presumption that the federal sentence would run consecutive to any term of imprisonment imposed at a different time. See 18 U.S.C. § 3584(a); Hernandez, 234 F.3d at 256-57. When a federal judgment is silent with respect to whether sentences are to run concurrently or consecutively, the presumption is that they will run consecutively unless the court specifically orders that they run concurrently. See Free v. Miles, 333 F.3d 550, 553 (5th Cir.2003). The failure to provide for concurrent sentences for multiple terms of imprisonment imposed at different times necessarily results in the imposition of consecutive sentences. See Hernandez, 234 F.3d at 256-57; U.S. v. Brown, 920 F.2d 1212, 1217 (5th Cir.1991).

Because this Court did not specify that Coleman's federal sentence would run concurrently with any later imposed state sentence, the federal sentence runs

consecutively to his state sentence. Coleman has not shown that such consecutive sentences violate the United States Constitution or federal law. Coleman's request that his federal and state sentences run concurrent must be denied.

Accordingly,

**IT IS ORDERED** that the letter motion (Record Document 49) filed by the defendant, Raymond Coleman, requesting that his federal and state sentences run concurrent be and is hereby **DENIED**.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 29th day of December, 2008.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE